IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ARMOND LEWIS                                                                           PETITIONER

VS.                                                        CIVIL ACTION NO. 1:18cv382-HSO-FKB

PELICIA HALL                                                                            RESPONDENT

## REPORT AND RECOMMENDATION

Armond Lewis is a state inmate in the custody of the Mississippi Department of Corrections (MDOC). He filed this petition pursuant to 28 U.S.C. § 2254 challenging the revocation of his post-release supervision (PRS). Presently before the Court is Respondent's motion to dismiss. [5]. Lewis has not responded to the motion. The undersigned concludes that Lewis's claims have been procedurally defaulted and therefore recommends that the petition be dismissed with prejudice.

In 2011, Lewis entered a plea of guilty in the Circuit Court of Jackson County, Mississippi, to charges of aggravated assault and possession of a controlled substance. [5-1]. On the aggravated assault count, the court sentenced him to a term of 20 years, with eight years to serve and 12 years suspended. [5-2]. He was sentenced on the drug charge to eight years. *Id.*

Lewis was released on PRS on September 13, 2014. [5-3]. However, in March of 2016, Lewis was arrested for false identification and possession of marijuana. [5-6] at 2. The trial court held a revocation hearing at which it found that Lewis had violated the terms of his PRS by committing other offenses, failing to report, and failing to pay fines and fees. [5-4]. On May 5, 2016, the trial court revoked Lewis's PRS and sentenced him to serve the remainder of his sentence in the custody of MDOC. *Id.*

Thereafter, Lewis filed in the trial court a motion for post-conviction relief (PCR), arguing that his revocation did not comport with due process and that he should have been sentenced to a technical violation center. [5-5] at 2. The court denied the motion by order entered May 3, 2017. [5-5]. Lewis appealed, and the Mississippi Court of Appeals affirmed the denial of relief on August 14, 2018. [5-6]. His petition for rehearing was denied on October 30, 2018. [5-6] at 10. Lewis did not seek discretionary review by the Mississippi Supreme Court.

In the present petition, Lewis again asserts that his revocation proceeding did not meet the requirements of due process.

Before federal habeas relief may be granted, a prisoner must properly exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claim set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Lewis presented his claims to the state trial court and to the court of appeals. However, he failed to file with the supreme court a petition for a writ of certiorari. Thus, he never met the exhaustion requirement for his claims. Furthermore, it is clear that there is no longer any avenue of relief available to him in state court: His 14-day period for seeking discretionary review has expired, *see* Miss. R. App. P. 17(b), and any additional PCR motion regarding his revocation would be barred as successive pursuant to Miss. Code Ann. § 99-39-23(6).

Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate both cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Thus, because Lewis's claims would now be procedurally barred in state court, they have been procedurally defaulted for purposes of federal habeas review, and this court may not review their merits absent a showing of either cause for and prejudice from the default, or that failure to consider his claims would result in a fundamental miscarriage of justice. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Lewis has made no such showing. For these reasons, the undersigned concludes that Lewis has procedurally defaulted his federal claims and recommends that his petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3d day of May, 2019.

                                                s/ F. Keith Ball_____
                                                United States Magistrate Judge