IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARMOND LEWIS, #126613 | § | PETITIONER |
| | § | |
| v. | § | Civil No. 1:18cv382-HSO-FKB |
| | § | |
| PELICIA HALL | § | RESPONDENT |

**ORDER DENYING PETITIONER'S [9] MOTION TO APPOINT COUNSEL AND [10] MOTION FOR ORAL ARGUMENT; ADOPTING MAGISTRATE JUDGE'S [7] REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S [5] MOTION TO DISMISS; AND DISMISSING WITH PREJUDICE [1] PETITION FOR WRIT OF HABEAS CORPUS**

This matter comes before the Court on the Report and Recommendation [7] of United States Magistrate Judge F. Keith Ball recommending that Respondent Pelicia Hall's Motion to Dismiss [5] be granted and that Petitioner Armond Lewis's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice, and Petitioner Armond Lewis's Motions to Appoint Counsel [9] and for Oral Argument [10]. After due consideration of the Motions, the Report and Recommendation [7], the record, and relevant legal authority, the Court finds that Petitioner's Motions [9], [10] should be denied, that the Magistrate Judge's Report and Recommendation [7] should be adopted, that Respondent's Motion to Dismiss [5] should be granted, and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice as procedurally barred.

# I. BACKGROUND

A. Factual Background

On or about August 12, 2011, Petitioner Armond Lewis ("Petitioner" or "Lewis") pleaded guilty in the Circuit Court of Jackson County, Mississippi (the "Circuit Court"), to two charges set forth in two separate Indictments, specifically (1) aggravated assault in state cause number 2009-10,892, and (2) possession of a controlled substance in state cause number 2011-10,082. *See* Ex. "A" [5-1] at 1. For the aggravated assault conviction in cause number 2009-10,892, Petitioner was sentenced to a 20-year term of imprisonment in the custody of the Mississippi Department of Corrections ("MDOC"), with 12 years suspended and 8 years to serve. With respect to the possession of a controlled substance charge in cause number 2011-10,082, Petitioner was sentenced to 8 years imprisonment to run concurrent to the sentence on the aggravated assault conviction in cause number 2009-10,892. *See* Ex. "B" [5-2] at 1. Petitioner was sentenced to serve the balance of the sentences on post-release supervision ("PRS"). *See id.*

Lewis was released to PRS on September 13, 2014. *See* Ex. "C" [5-3] at 1. However, he was charged by the Pascagoula Police Department with domestic violence simple assault on August 13, 2015, and with possession of false identification and simple possession of marijuana on March 7, 2016. Ex. "D" [5-4] at 1. On May 5, 2016, the Circuit Court entered an Order of Revocation and sentenced Petitioner to serve the remainder of his sentence in the custody of the MDOC. *See id.*

On or about October 12, 2016, Petitioner filed a *pro se* Motion for Post-Conviction Collateral Relief in the Circuit Court. R [6-1] at 5. The Circuit Court denied the Motion on May 3, 2017, *see id.* at 23-24, and Petitioner appealed, *see id.* at 25. On August 14, 2018, the Mississippi Court of Appeals affirmed the Circuit Court, and on October 30, 2018, it denied Petitioner's motion for rehearing. *See* R. [6-3] at 4-16. Petitioner did not petition the Mississippi Supreme Court for *certiorari*.

B. Procedural History

On November 21, 2018, Petitioner signed a Petition [1] under 28 U.S.C. § 2254, seeking a writ of habeas corpus from this Court. Pet. [1] at 1-15. The Petition was filed of record on December 6, 2018, and asserts the following grounds for relief: (1) "Due Process of timly [sic] informal preliminary Revocation hearing"; and (2) "Due Process of Revocation within 30 days." *Id.* at 5, 7. Respondent Pelicia Hall ("Respondent") has filed a Motion to Dismiss [5], arguing that Petitioner's claims should be dismissed with prejudice as procedurally defaulted.

On May 3, 2019, the Magistrate Judge entered a Report and Recommendation [7] finding that Petitioner had procedurally defaulted his federal claims and recommending that the Petition be dismissed with prejudice. A copy of the Report and Recommendation [7] was mailed to Petitioner at his address of record on May 3, 2019. Petitioner did not file any objections to the Report and Recommendation, and the time for doing so has expired on May 20, 2019. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(d).

3

However, on August 9, 2019, Petitioner did file a document that the Clerk of Court has docketed as a Response [8] to Respondent's Motion to Dismiss [5]. Petitioner argues that the Court should "overrule Procedural Bar because of actual prejudice of violation of Federal law, Rights to Procedural Due Process, [and] the Fifth and Fourteenth Amendments." Resp. [8] at 1. Petitioner asserts that there was "plain error of Federal law," such that this Court can entertain his claims. *Id.*

On October 4, 2019, Petitioner also filed a "Request for Assistance Counsel," which the Clerk filed as a Motion to Appoint Counsel [9], and a "Request for Oral Argument," which the Clerk docketed as a Motion for Oral Argument [10]. Respondent has filed Responses [11], [12] in opposition to the Motions [9], [10], and Petitioner has filed documents that the Clerk docketed as a Reply [13] and as a Supplementary Brief [14].

## II. <u>DISCUSSION</u>

A. <u>Motion to Appoint Counsel [9]</u>

Petitioner asks the Court to appoint counsel for him. "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief" under § 2254. 18 U.S.C. § 3006A(a)(2)(B).

In this case, Petitioner filed a Motion to Appoint Counsel months after the time for filing any objections to the Magistrate Judge's Report and Recommendation had expired and after Petitioner had filed his untimely pro se Response [8] to Respondent's Motion to Dismiss. The issues in this case are simple and

4

straightforward. Petitioner has not shown that the interests of justice require the appointment of counsel under the facts and circumstances of this case. *See* 18 U.S.C. § 3006A(a)(2)(B). Petitioner's Motion to Appoint Counsel [9] will be denied.

B.  Motion for Oral Argument [10]

Petitioner seeks oral argument "to clarify the grounds and interpretation of the laws + constitution set forth" and "also involves Plaintiff's request for assistance of counsel." Mot. [10] at 1. Petitioner requests oral argument pursuant to Federal Rule of Appellate Procedure 34. The Federal Rules of Appellate Procedure do not apply to this proceeding.

To the extent Petitioner is seeking an evidentiary hearing, Rule 8(a) of Rules Governing Section 2254 Proceedings provides that if a petition is not dismissed, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a) of Rules Governing Section 2254 Proceedings. Pursuant to 28 U.S.C. § 2254(e)(2),

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A)    the claim relies on--
>    (i)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

5

28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

Given the facts and circumstances presented in this case, Petitioner has not shown that the Court has discretion to grant an evidentiary hearing, or that oral argument is warranted. Petitioner has not argued or shown that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Nor has he shown the existence of a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2254(e)(2). Finally, Petitioner has not shown that the facts underlying his claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. *See id.* This Motion [10] should be denied.

C.  Magistrate Judge's Report and Recommendation [7]

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* The Magistrate Judge concluded that dismissal with prejudice was appropriate on grounds that Petitioner's claims were procedurally barred. R. & R. [7] at 3. The Court agrees.

Even if the Court construed Petitioner's late-filed Response [8] as a timely Objection to the Magistrate Judge's Report and Recommendation, the result would not change under a de novo review. The Antiterrorism and Effective Death Penalty Act ("AEDPA") prohibits a federal court from granting a writ of habeas corpus

> unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Section 2254's "exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir.), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004); *see also Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008). "[I]f the prisoner fails to exhaust available state remedies, and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred, the prisoner has defaulted those claims." *Kittelson*

7

*v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005).

In this case, Petitioner unquestionably failed to file a petition for a writ of *certiorari* in the Mississippi Supreme Court within the applicable time to seek review of the judgment of the Mississippi Court of Appeals. *See* Miss. R. App. P. 17(b); *see also* R. & R. [7] at 2; Ex. "F" [5-6] at 10 (advising Petitioner on October 30, 2018, that the Mississippi Court of Appeals had denied his motion for rehearing). Nor has Petitioner otherwise presented his claim to the State's highest court. The time to seek review has long-since expired, and the Mississippi Supreme Court would now find Petitioner's claim procedurally barred. *See, e.g., id.*; Miss. Code Ann. § 99-39-23(6) (any order dismissing a petitioner's motion or otherwise denying relief for post-conviction collateral relief "is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article," with certain limited exceptions Petitioner has not shown here).

This Court is prohibited from entertaining Petitioner's claims unless he demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims would result in a fundamental miscarriage of justice. *See Johnson v. Cain*, 712 F.3d 227, 234 (5th Cir. 2013); *see also Smith*, 515 F.3d at 403. "In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quotation omitted). "Objective factors that constitute cause include interference by officials that makes compliance with the

State's procedural rule impracticable," "a showing that the factual or legal basis for a claim was not reasonably available to counsel," or constitutionally ineffective assistance of counsel. *Id.* at 493-94.

"[T]he fundamental miscarriage of justice exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000). According to the United States Supreme Court, the cases in this "narrow class" where federal courts retain the authority to issue the writ of habeas corpus "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey*, 499 U.S. at 494.

In this case, Petitioner has not demonstrated any cause for his default or the existence of actual prejudice as a result. Nor has Petitioner shown, as a factual matter, actual innocence. *See McCleskey*, 499 U.S. at 494; *Johnson*, 712 F.3d at 234; *Smith*, 216 F.3d at 524. Dismissal of the Petition with prejudice as procedurally barred is warranted, and Respondent's Motion to Dismiss should be granted.

### III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [7] as the opinion of this Court and will dismiss the Petition for Writ of Habeas Corpus with prejudice as procedurally barred.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Armond Lewis's Motions to Appoint Counsel [9] and for Oral Argument [10] are

9

**DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [7] of United States Magistrate Judge F. Keith Ball is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Pelicia Hall's Motion to Dismiss [5] is **GRANTED,** and Petitioner Armond Lewis's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE** as procedurally barred.

**SO ORDERED AND ADJUDGED**, this the 29th day of January, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE